



01

Electronically Filed
7/21/2017 11:00 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
BROCK K. OHLSON PLLC
BROCK K. OHLSON, ESQ.
Nevada Bar No. 12262
IAN M. MCMENEMY, ESQ.
Nevada Bar No. 13190
6060 Elton Avenue, Suite A
Las Vegas, Nevada 89107
(702) 982-0055 Phone
(702) 982-0150 Fax
E-Mail: brock@injured.vegas
E-Mail: ian@injured.vegas
*Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

A-17-758762-C

|  |  |  |
|---|---|---|
| CARINA DE CLERCQ, individually, | ) | CASE NO.: |
|  | ) | DEPT NO.:   Department 32 |
| Plaintiffs, | ) |  |
|  | ) |  |
| vs. | ) | **COMPLAINT** |
|  | ) |  |
| ENCOMPASS INDEMNITY COMPANY; | ) |  |
| AND  DOES I through V, and ROE | ) |  |
| CORPORATIONS I through V, inclusive, | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

COMES NOW Plaintiff CARINA DE CLERCQ ["DE CLERCQ"], by and through

Plaintiff's attorney Brock Ohlson, Esq. of BROCK K. OHLSON PLLC, and for Plaintiff's

Complaint against the Defendants, and each of them, states as follows:

1.     DE CLERCQ at all times relevant to this action was a resident of the County of Clark,

State of Nevada.

///

///

1

2.      Defendant ENCOMPASS INDEMNITY COMPANY ["ENCOMPASS"], was at all times relevant to this action a corporation organized and existing under the State of Illinois, and was at all times relevant times herein licensed to do business as an insurer in the State of Nevada.

3.      Defendant ENCOMPASS CORPORATION ["ENCOMPASS CORP"], was at all times relevant to this action a corporation organized and existing under the State of Illinois, and was at all times relevant times herein licensed to do business as an insurer in the States of Nevada.

4.      Upon information and belief, DE CLERCQ alleges ENCOMPASS is a wholly owned subsidiary of ALLSTATE CORPORATION and that ENCOMPASS'S operations, including its claims operation, at all relevant times herein, was controlled and managed by ALLSTATE CORPORATION such that ENCOMPASS and ALLSTATE CORPORATION operate as a single insurance company. As a result, ENCOMPASS and ALLSTATE CORPORATION are not separate corporate entities, but rather constitute a single partnership, association or joint venture under the management and control of ALLSTATE CORPORATION such that ALLSTATE CORPORATION and ENCOMPASS are mere alter egos of each other.

5.      DE CLERCQ alleges ENCOMPASS provides training for ENCOMPASS claims employees.

6.      The true names and capacities, whether individual, corporate, partnership, associate or otherwise of Defendants, DOES I through V, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as DOE is responsible in some manner for the events and happenings referred to and caused damages proximately to DE CLERCQ as herein alleged, and that DE CLERCQ will seek leave of this Court to amend this Complaint to insert the true names

and capacities of DOES I through V, when the same have been ascertained, and to join such Defendants in this action.

### GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7.      On or about December 9, 2010, DE CLERCQ was lawfully operating a vehicle in Las Vegas, Nevada, when she was hit by an underinsured motorist, who was later found to be at fault for the collision [the "Collision"].

8.      At the time of the Collision DE CLERCQ was insured by EMCOMPASS Policy No. 237312744 [the "Policy"], which included underinsured motorist and medical payments coverage. The Policy is attached hereto as Exhibit A. The Policy was in full force and effect during all relevant times herein.

9.      DE CLERCQ was and is considered at all times relevant to this action an insured under the Policy.

10.     DE CLERCQ alleges all premiums were paid and all terms, conditions, and covenants required to be performed, including prompt notice of all claims described herein, have been performed by her as to keep the Policy in full force and effect at all relevant times herein, except for those terms, conditions or covenants which were prevented or waived by ENCOMPASS.

11.     DE CLERCQ was entitled to receive payment for damages under the underinsured portion of the Policy.

12.     Plaintiff suffered personal injuries as a direct and proximate result of the Collision, the value of which exceeded the at fault driver's policy limits, thereby creating an underinsured claim against the Policy, proof of which was promptly provided to ENCOMPASS.

13.     DE CLERCQ is legally entitled to recover damages from the said underinsured motorist coverage of the Policy.

3

14.    ENCOMPASS was aware of DE CLERCQ's injuries sustained from the accident with an underinsured motorist.

15.    ENCOMPASS undervalued DE CLERCQ'S underinsured motorist claim.

16.    On or about September 20, 2011, DE CLERCQ retained the services of counsel to pursue her underinsured motorist claim.

17.    On or about October 25, 2011, DE CLERCQ presented proof of claim for her underinsured motorist benefits to ENCOMPASS.

18.    On or about June 7, 2012, ENCOMPASS offered DE CLERQ $35,000.00.

19.    On or about November 6, 2012, ENCOMPASS increased its offer to $50,000.00.

20.    On or about June 5, 2014, ENCOMPASS increased its offer to $100,000.00.

21.    On or about May 18, 2015, ENCOMPASS asserted that its evaluation had not changed and requested arbitration or mediation.

22.    On or about July 7, 2015, DE CLERCQ and ENCOMPASS attended mediation.

23.    On or about July 22, 2015, ENCOMPASS issued payment of the balance of the underinsured motorist policy.

24.    Plaintiff alleges that ENCOMPASS failed to fairly evaluate her claim resulting in a delay of more than three (3) years (approximately 44 months) for benefits she was entitled to receive under the Policy upon submission of her proof of claim on October 25, 2011.

25.    DE CLERCQ satisfied her obligations under the Policy.

26.    ENCOMPASS breached its duty to DE CLERCQ under the Policy.

27.    ENCOMPASS, despite its representations, never at any time intended to comply with those representations and, in fact, refused to do so, and thereby made the representations with the intent to defraud DE CLERCQ.

4

28.     DE CLERCQ believing coverage was provided under the Policy refrained from procuring other underinsured motorist coverage.

29.     ENCOMPASS violated NRS 686A.310 of the Unfair Practices in Settling Claims.

30.     ENCOMPASS misrepresented pertinent facts or insurance policy provisions relating to coverage at issue.

31.     ENCOMPASS failed to acknowledge and act reasonably and promptly upon communications with respect to claims arising under an insurance policy.

32.     ENCOMPASS failed to adopt and implement reasonable standards for the prompt investigation of claims arising under an insurance policy.

33.     ENCOMPASS, without conducting a reasonable investigation based upon all available information, refused to pay DE CLERCQ'S claims in a timely manner.

34.     ENCOMPASS failed to affirm or deny coverage of claims within a reasonable time after DE CLERCQ'S proof of loss statements had been completed.

35.     ENCOMPASS failed to attempt in good faith to effectuate prompt, fair and equitable settlements of DE CLERCQ'S claims in which liability was reasonably clear.

36.     ENCOMPASS attempted to settle DE CLERCQ'S claim for less than the amount a reasonable person would have believed they were entitled by reference to written or printed advertising material accompanying or made part of an application.

37.     ENCOMPASS failed to promptly provide a reasonable explanation of the basis in the Policy relative to the facts or applicable to DE CLERCQ for the offer of a compromise settlement.

38.     ENCOMPASS did not pay benefits under the Policy within 30 days after acceptable proof of loss, which contained all information necessary for claim adjudication, was submitted.

5

**BREACH OF CONTRACT**

DE CLERCQ repeats, realleges, and incorporate by reference Paragraphs 1 through 38 above as if fully set forth herein.

39.     That DE CLERCQ has satisfied her obligations under the Policy.

40.     That ENCOMPASS breached its duty to DE CLERCQ under the Policy.

41.     As a result of ENCOMPASS'S breach of contract, DE CLERCQ incurred foreseeable consequential and incidental damages, in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

42.     ENCOMPASS breached the contract with a conscious disregard for the rights of DE CLERCQ that rises to the level of oppression, fraud or malice.  DE CLERCQ is therefore entitled to punitive damages, in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

**VIOLATION OF UNFAIR CLAIMS PRACTICES**

DE CLERCQ repeats, realleges, and incorporates by reference Paragraphs 1 through 42 above as if fully set forth herein.

43.     ENCOMPASS' actions were in violation of the provisions of the Unfair Claims Practices violation of which was done with ENCOMPASS' actual and/or implied knowledge.

44.     DE CLERCQ sustained damages as a result of ENCOMPASS' violation of the Unfair Claims Practices, including damages for benefits denied under the insurance policy, consequential damages, and emotional distress, in an amount in excess of Fifteen Thousand dollars ($15,000.00).

45.     ENCOMPASS denied, undervalued, and delayed payment of benefits that DE CLERCQ was entitled to under the terms of the Policy, with a conscious disregard for her rights, giving rise to oppression, fraud and/or malice.  DE CLERCQ is therefore entitled to punitive damages,

6

in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

DE CLERCQ repeats, realleges, and incorporates by reference Paragraphs 1 through 45 above as if fully set forth herein.

46.     The Policy contains by nature of the agreement and by operation of law, an implied covenant of good faith and fair dealing, that no party to the agreement will take any action that would deprive or jeopardize the rights or benefits of the other party under the agreement.

47.     ENCOMPASS failed to deal fairly and in good faith with DE CLERCQ by denying, undervaluing, and/or delaying payment of her properly proved claim, without proper cause, DE CLERCQ'S underinsured/uninsured motorist benefits due under the Policy.

48.     As a result of the breach of the implied covenant of good faith and fair dealing, DE CLERCQ is entitled to damages for denied underinsured motorist benefits.  DE CLERCQ is also entitled to consequential damages and emotional distress, incurred as a result of ENCOMPASS' breach, in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

49.     ENCOMPASS denied, undervalued, and delayed payment of benefits that DE CLERCQ was entitled to under the terms of the Policy, with a conscious disregard for her rights, giving rise to oppression, fraud and/or malice.  DE CLERCQ is therefore entitled to punitive damages, in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

## BAD FAITH

DE CLERCQ repeats realleges, and incorporates by reference Paragraphs 1 through 49 above as if fully set forth herein.

50.     ENCOMPASS had a duty to deal with DE CLERCQ's claim fairly, reasonably and in good faith.

7

51.     ENCOMPASS' conduct breached the above duty of care to DE CLERCQ.

52.     As a direct and proximate result of ENCOMPASS'S actions, DE CLERCQ has suffered and sustained damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

53.     ENCOMPASS denied, undervalued, and delayed payment of benefits that DE CLERCQ was entitled to under the terms of the Policy, with a conscious disregard for her rights, giving rise to oppression, fraud and/or malice.  DE CLERCQ is therefore entitled to punitive damages, in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

        DE CLERCQ has been required to retain the law firm of BROCK K. OHLSON PLLC to prosecute this action and is entitled to reasonable attorney's fees.

        **WHEREFORE**, Plaintiff prays judgment against the Defendants, and each of them, as follows:

        1. General damages in an amount in excess of $15,000.00;

        3. Punitive damages in an amount in excess of $15,000.00;

        4. Attorney's fees; and

        5. Costs of suit.

        6. For other and further relief as is just and proper.

        DATED THIS  21st  day of July, 2017.

                                **BROCK K. OHLSON PLLC**

                                BROCK K. OHLSON, ESQ.
                                Nevada Bar No. 12262
                                IAN M. MCMENEMY, ESQ.
                                Nevada Bar No. 13190
                                6060 Elton Avenue, Suite A
                                Las Vegas, Nevada 89107
                                *Attorneys for Plaintiff*

8

B

B

Electronically Filed
7/21/2017 11:00 AM
Steven D. Grierson
CLERK OF THE COURT

1   **IAFD**
2   BROCK K. OHLSON PLLC
    BROCK K. OHLSON, ESQ.
3   Nevada Bar No. 12262
    IAN M. MCMENEMY, ESQ.
4   Nevada Bar No. 13190
5   6060 Elton Avenue, Suite A
    Las Vegas, Nevada 89107
6   (702) 982-0055 Phone
    (702) 982-0150 Fax
7   E-Mail: brock@injured.vegas
8   E-Mail: ian@injured.vegas

9

10                          **DISTRICT COURT**

11                     **CLARK COUNTY, NEVADA**

12                                                 A-17-758762-C

13  CARINA DE CLERCQ, individually,    )   CASE NO.:
                                       )   DEPT NO.:        Department 32
14              Plaintiffs,            )
                                       )
15  vs.                                )
                                       )
16  ENCOMPASS INDEMNITY COMPANY;       )
17  AND  DOES I through V, and ROE     )
    CORPORATIONS I through V, inclusive,)
18                                     )
                Defendants.            )
19  _____   )

20
            Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for
21
    fees appearing in the above entitled action as indicated below:
22
    / / /
23
    / / /
24
    / / /
25
    / / /
26
    / / /
27
    / / /
28

                                              1

1
2

CARINA DE CLERCQ                                    $        270.00
                          **TOTAL REMITTED:** $     **270.00**

3       DATED THIS __21st__ day of July, 2017.

4                                                   **BROCK K. OHLSON PLLC**

5

6

7                                                   BROCK K. OHLSON, ESQ.
                                                    Nevada Bar No. 12262
8                                                   IAN M. MCMENEMY, ESQ.
                                                    Nevada Bar No. 13190
9                                                   6060 Elton Avenue, Suite A
10                                                  Las Vegas, Nevada 89107
                                                    *Attorneys for Plaintiff*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

Electronically Filed
9/22/2017 1:06 PM
Steven D. Grierson
CLERK OF THE COURT

1 **SUMM**
2 BROCK K. OHLSON PLLC
   BROCK K. OHLSON, ESQ.
3 Nevada Bar No. 12262
   IAN M. MCMENEMY, ESQ.
4 Nevada Bar No. 13190
5 6060 Elton Avenue, Suite A
   Las Vegas, Nevada 89107
6 (702) 982-0055 Phone
   (702) 982-0150 Fax
7 E-Mail: brock@injured.vegas
8 E-Mail: ian@injured.vegas
   *Attorneys for Plaintiff*
9

10                          **DISTRICT COURT**

11                      **CLARK COUNTY, NEVADA**

12
13   CARINA DE CLERCQ, individually,        )   CASE NO.: A-17-758762-C
                                            )   DEPT NO.: XXXII
14               Plaintiffs,                )
                                            )
15   vs.                                    )              **SUMMONS**
                                            )
16   ENCOMPASS INDEMNITY COMPANY;           )
17   AND DOES I through V, and ROE          )
     CORPORATIONS I through V, inclusive,   )
18                                          )
19               Defendants.                )
                                            )

20      **NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST**
21 **YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.**
22 **READ THE INFORMATION BELOW**

23 To THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief
   set forth in the Complaint.
24
25                      **ENCOMPASS INDEMNITY COMPANY**

26 1.  If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive
       of the day of service, you must do the following:
27
28      a.  File with the Clerk of this Court, whose address is shown below, a formal written response to
            the  Complaint in accordance with the rules of the Court, with the appropriate filing fee.

1

1    b.   Serve a copy of your response upon the attorney whose name and address is shown below.

2  2.   Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court
      may enter a judgment against you for the relief demanded in the Complaint, which could result in
3     the taking of money or property or other relief requested in the Complaint.

4
   3.   If you intend to seek the advice of an attorney in this matter, you should do so promptly so that
5     your response may be filed on time.

6  4.   The State of Nevada, its political subdivisions, agencies, officers, employees, board members,
      commission members and legislators, each have 45 days after service of this summons within
7     which to file an answer or other responsive pleading to the complaint.

8

9  Issued at the direction of :                         STEVEN D. GRIERSON
   **BROCK K. OHLSON PLLC**                          CLERK OF THE COURT
10

11  _____   8-30-17          _____   SEP 0 1 2017
                                  Date                                          Date
12  Brock K. Ohlson, Esq.                           Deputy Clerk
    Nevada Bar No. 12262                             County Court House
13  Ian M. McMenemy, Esq.                            200 Lewis Avenue
    Nevada Bar no. 13190                             Las Vegas, Nevada 89155
14  6060 Elton Avenue, Suite A
    Las Vegas, Nevada 89107
15  *Attorneys for Plaintiff*

16

17

18

19

20

21

22

23

24

25

26

27

28

2

## PROOF OF SERVICE

I hereby declare that on this day I served a copy of the Summons and Complaint upon the following defendant in the within matter, by mailing true and correct copies thereof, via certified mail, return receipt requested, to the following:

> Encompass Indemnity Company
> c/o The Corporation Trust Company of Nevada
> 701 South Carson Street, Suite 200
> Carson City, NV 89701
> CERTIFIED MAIL NO. 7017 0660 0000 0056 2343

I declare, under penalty of perjury, that the foregoing is true and correct.

DATED this 14th day of September, 2017.


_____
FELECIA CASCI
Employee of the State of Nevada
Department of Business and Industry
Division of Insurance

RE:   Carina De Clercq vs. Encompass Indemnity Company, et al.
      District Court, Clark County, Nevada
      Case No. A-17-758762-C; Dept. No. XXXII


State of Nevada, Division of Insurance
The document on which this certificate
is stamped is a full, true and correct
copy of the original

Date: _____   By: _____

-1-

15

 CT Corporation

**Service of Process Transmittal**
09/18/2017
CT Log Number 531950179

TO:     L&R Home Office Intake Unit
        Allstate Insurance Company
        2775 Sanders Rd # A2W
        Northbrook, IL 60062-6110

RE:     **Process Served in Nevada**

FOR:    Encompass Indemnity Company  (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CARINA DE CLERCQ, etc. Pltf. vs. ENCOMPASS INDEMNITY COMPANY, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Letter(s), Proof, Summons, Complaint, Cover Sheet |
| **COURT/AGENCY:** | Clark County District Court, NV
Case # A17758762C |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company of Nevada, Carson City, NV |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 09/18/2017 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | Nevada |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | BROCK K. OHLSON
BROCK K. OHLSON, PLLC
6060 Elton Avenue, Suite A
Las Vegas, NV 89107
702-982-0055 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/19/2017, Expected Purge Date: 09/24/2017

Image SOP

Email Notification,  Jessica Schultz  Jessica.Schultz@allstate.com

Email Notification,  Tahsina Mehdi  tmehd@allstate.com |
| **SIGNED:**
**ADDRESS:**

**TELEPHONE:** | The Corporation Trust Company of Nevada
701 S Carson St.
Suite 200
Carson City, NV 89701-5239
314-863-5545 |

Page 1 of  1 / AS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

$07.74⁵

Hasler

CERTIFIED MAIL®

7017 0660 0000 0056 2343

3813
Nevada Division of Insurance
1818 E. College Pkwy., Suite 103
Carson City, NV 89706-7986



ENCOMPASS INDEMNITY COMPANY
C/O THE CORPORATION TRUST COMPANY OF NEVADA
701 SOUTH CARSON STREET, SUITE 200
CARSON CITY NV 89701

**BRIAN SANDOVAL**
*Governor*

**STATE OF NEVADA**

**C.J. MANTHE**
*Director*

**BARBARA D. RICHARDSON**
*Commissioner*



### DEPARTMENT OF BUSINESS AND INDUSTRY
### DIVISION OF INSURANCE
1818 East College Pkwy., Suite 103
Carson City, Nevada 89706
(775) 687-0700    •    Fax (775) 687-0787
Website: doi.nv.gov
E-mail: insinfo@doi.nv.gov

September 14, 2017

Encompass Indemnity Company
c/o The Corporation Trust Company of Nevada
701 South Carson Street, Suite 200
Carson City, NV 89701

RE:    Carina De Clercq vs. Encompass Indemnity Company, et al.
District Court, Clark County, Nevada
Case No. A-17-758762-C; Dept. No. XXXII

Dear Sir or Madam:

Enclosed please find the following documents: Summons and Complaint. This document has been served upon the Commissioner of Insurance as your attorney for service of process on August 11, 2017.

The appropriate action should be taken immediately, as you may only have 30 days from the date of this service to respond.

Please advise if you have any questions regarding this service.

Sincerely,

BARBARA D. RICHARDSON
Commissioner of Insurance

By:    FELECIA CASCI
Service of Process Clerk

Enclosures
c:    Brock K. Ohlson, Esq.

18

BRIAN SANDOVAL
*Governor*

**STATE OF NEVADA**

C.J. MANTHE
*Director*

BARBARA D. RICHARDSON
*Commissioner*



**DEPARTMENT OF BUSINESS AND INDUSTRY**
**DIVISION OF INSURANCE**
1818 East College Pkwy., Suite 103
Carson City, Nevada 89706
(775) 687-0700    •    Fax (775) 687-0787
Website: doi.nv.gov
E-mail: insinfo@doi.nv.gov

September 14, 2017

Brock K. Ohlson, Esq.
Brock K. Ohlson PLLC
6060 Elton Avenue, Suite A
Las Vegas, NV 89107

RE:    Carina De Clercq vs. Encompass Indemnity Company, et al.
District Court, Clark County, Nevada
Case No. A-17-758762-C; Dept. No. XXXII

Dear Mr. Ohlson:

The Nevada Division of Insurance ("Division") received the service of process documents on August 11, 2017 regarding the above-entitled matter. Service has been completed on Encompass Indemnity Company this date and enclosed are the following:

1.    A copy of the Division's letter to Encompass Indemnity Company, dated September 14, 2017.
2.    A certified copy of the Proof of Service dated September 14, 2017.
3.    A copy of the paid invoice in the amount of $30.00.

Pursuant to *Nevada Revised Statutes* 680A.260, 685A.200, and 685B.050, all documents after initial service of process may be served directly to the party.

Please advise if you have any questions regarding this service.

Sincerely,

BARBARA D. RICHARDSON
Commissioner of Insurance

By:    _FELECIA CASCI_

FELECIA CASCI
Service of Process Clerk

Enclosures
c:    Encompass Indemnity Company